## Ex Parte Martínez.

### Appeal from the District Court of San Juan.

No. 121.—Decided June 15, 1904.

Ownership—Prescription.—The petitioner in a proceeding begun to secure a dominion title having shown that he has been in the quiet and peaceable possession of the real estate, without interruption for a longer period of time than eight years has sufficiently shown the acquisition of such property by ordinary prescription.

### STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by José Martínez Crespo to prove his ownership

of a rural estate. The case is pending before us on an appeal taken by counsel for the petitioner from the judgment rendered therein by the said district court, a copy of which reads as follows, towit:

"Porto Rico, September 1, 1903.—Attorney Luis Freyre Barbosa representing José Martínez Crespo, filed a petition in this court on April 2, 1903, alleging that his predecessor in interest having no recorded title of ownership, he was desirous of proving his ownership, in accordance with article 395 of the Mortgage Law, and Judicial Order of April 4, 1899, of the following tract of land: Composed of 14½ *cuerdas*, situated in *barrio* Candelaria, Bayamón, formerly Toa Baja, and bounded on the north by lands belonging to Félix Santiago, Higinio Soler and María Rivera; on the south by lands of Pedro Guisti; on the east by lands of Mr. Plat, and on the west by those of the estate of Domingo Estrada; upon which tract of land he built a house at his own expense, having acquired the land from Pedro Guisti in the year 1895, who had been in the quiet and peaceable possession thereof for more than thirty years, without opposition on the part of any one. And the petitioner prayed that notices be published, and that the citations required by law be made, and that his predecessor in interest be declared to be the owner of the said property, after the witnesses shall have testified in reply to the following interrogatories: First, the general interrogatory as to the circumstances of the witnesses required by law. Second, whether it is true that Pedro Guisti has been in the quiet and peaceable possession, without interruption by any one, for more than thirty years, of the property described in the body of this petition. Third, whether it is true that the ownership and possession thereof was conveyed by virtue of a contract of purchase and sale, executed about eight years ago by Guisti to the petitioner herein, who since that time had likewise continued in the quiet and peaceable possession thereof without interruption by any-one. Fourth, whether it is true and known to the witnesses of their own knowledge that the house built on the tract of land above described was built with the petitioner's own money. Fifth, whether the foregoing statements are public and notorious facts.

The Department of Justice having been served with notice of the petition and the same having been acted upon, the notices having been published, and the adjoining property owners and the former owner of the tract in question having been cited, three witnesses testified in reply to the foregoing interrogatories. To the first interro-

gatory the witnesses replied that they are of legal age, without stating how many years old they are; to the second, that Pedro Guisti had been in possession of the tract of land described without opposition on the part of any one for more than thirty years. To the third fourth and fifth interrogatories the witnesses likewise replied in the affirmative.

"The verbal hearing provided for by law having been had, and the Department of Justice having been cited to appear, counsel for the petitioner appeared and made such allegation as he deemed pertinent in support of the rights of his client.

"The testimony given by the witnesses is defective and does not fulfill the requirements of a rational mind, since the witnesses have not replied in a legal manner to the first interrogatory in regard to their general circumstances, as required by law, and they did not state how many years old they were, especially as we are considering in the present case, a matter of possession for more than thirty-five years; furthermore the witnesses did not give any reasons for their statements. The petition for a declaration of ownership (dominion title) is denied. Thus it was decided, and the judges sign, to which I certify. Frank H. Richmond, Otto Schoenrich, José Tous Soto.—Luis Méndez Vaz."

From this judgment counsel for petitioner took an appeal, which was allowed both for review and stay of proceedings, and the record having been sent up to this court, with citation and summons of the parties, and the appellant having entered appearance, and the proper procedure having been followed, a day was set for the hearing, at which only the *fiscal* of this Supreme Court appeared and opposed the appeal.

*Mr. Freyre Barbosa,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after making the foregoing statement of facts rendered the opinion of the court.

The findings of fact contained in the judgment appealed from are accepted.

The testimony of the three witnesses who testified in these proceedings, of legal age and residents of the place where

the land is situated, in stating that José Martínez Crespo has been in the quiet and peaceable possession of the said land for more than eight years without interruption, and that he acquired the same from Pedro Guisti, constitutes sufficient proof of the acquisition of the ownership of the lands in question, by means of ordinary prescription, in accordance with the provisions of Judicial Order of April 4, 1899, which is applicable to the case.

In view of the provisions of article 395 of the Mortgage Law, the general order cited, and article 1840 of the Civil Code now in force, we adjudge that we should reverse and do reverse the judgment appealed from, holding that José Martínez Crespo is the owner of the land described in the initial petition filed in these proceedings, and in consequence thereof it is ordered that a certified copy of this decision, and of any other documents contained in the record herein which may be requested, be issued to the petitioner for inscription in the registry of property.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing in this case.